IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2009

**DALLAS R. MYERS, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14589     Jim. T. Hamilton, Judge**

**No. M2009-00840-CCA-R3-HC - Filed August 23, 2010**

Petitioner, Dallas R. Myers, Jr., appeals the trial court's summary dismissal of his petition for writ of habeas corpus. He alleges that his sentence is illegal because the trial court sentenced him above the presumptive minimum sentence absent a finding of enhancement factors. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Dallas R. Myers, Jr., Clifton, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie Price, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

On March 7, 2005, the Henry County Grand Jury indicted Petitioner for an aggravated sexual battery that occurred on August 1, 2002. Petitioner entered a plea of guilty to one count of attempted aggravated sexual battery, a Class C felony, on March 14, 2005. Pursuant to the plea agreement, the trial court imposed a sentence of six years as a Range I, standard offender. The trial court ordered Petitioner to serve one-hundred eighty-nine days in confinement and the remainder of the sentence on supervised probation.

On August 23, 2006, the trial court revoked Petitioner's probation and ordered him to serve his sentence in confinement. Petitioner filed a subsequent petition for post-conviction relief, which was denied by the trial court. By memorandum opinion, this Court affirmed the trial court's denial. *See Dallas R. Myers v. State*, No. W2007-02596-CCA-R3-PC, 2008 WL 2484171 (Tenn. Crim. App. June 18, 2008). On February 24, 2009, Petitioner filed a *pro se* petition for writ of habeas corpus alleging that his sentence was illegal because it was enhanced beyond the presumptive minimum sentence. The criminal court summarily dismissed the petition. Petitioner now appeals.

## II. Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, that the sentence is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this case, Petitioner argues that his sentence is illegal because the trial court improperly sentenced him above the minimum three-year sentence for his attempted aggravated sexual battery conviction, a Class C felony, absent a finding of enhancement factors. However, as noted by the State, the sentence in this case was part of a plea agreement that Petitioner accepted. Therefore, the trial court was not required to find enhancement factors. "Where the sentence is agreed upon by the district attorney general and the defendant and accepted by the court, the court may immediately impose sentence as provided in § 40-35-205(d), and no specific sentencing hearing or presentence report shall

be required." T.C.A. § 40-35-203(b). The range of punishment for a Class C felony is three to fifteen years. *See* T.C.A. § 40-35-112. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense. *Hoover v. State*, 215 S.W.3d 776, 780-81 (Tenn. 2007). As such, Petitioner's six-year sentence was within the range specified for the offense to which he pled guilty and is valid.

Because the habeas corpus petition does not state a cognizable claim for habeas corpus relief, we conclude that the trial court did not err in summarily dismissing the petition. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE